IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BERNADETTE R RODGERS,

    Plaintiff,
v.                                                  CASE NO. 5:17-cv-292-RH-GRJ

STATE OF FLORIDA, and
JUDGE DOUGLAS WADE MERCER,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff initiated this civil action by filing ECF No. 1, a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, and is proceeding on an Amended Complaint, ECF No. 31. The Court has ordered service of the Amended Complaint upon two Defendants, both of whom are staff at the Jackson County Correctional Facility where Plaintiff was a pretrial detainee. For the following reasons, it is recommended that Plaintiff's claims against state traffic court hearing officer Michael Miller, Judge Douglas Wade Mercer, and Assistant State Attorney Glenn Hess be dismissed.

    Plaintiff's claim stems from her arrest and prosecution in connection with traffic violations. Plaintiff was confined in the Jackson County Correctional Facility while her case was pending. Plaintiff alleges that

conditions at the jail violated the constitution because she was forced to sleep on concrete blocks, she was exposed to extreme cold temperatures, and her medication was withheld. ECF No. 31.

Plaintiff also alleges that her rights were violated in connection with her criminal prosecution. She contends that state traffic court hearing officer Michael D. Miller suspended her license instead of offering her a diversion program, due to racial profiling. She contends that the prosecutor, Glenn Hess, engaged in "negligence and persecution" during her case. Plaintiff contends that the judge who presided over her related criminal case, Judge Mercer, violated her rights in various ways in connection with her case, resulting in an excessive period of detention. Plaintiff seeks compensatory damages as well as expungement of her traffic and criminal records. ECF No. 31.

A civil rights action is not the proper vehicle for challenging the state court process that concluded with Plaintiff's conviction and sentence. "[W]hen a prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release . . . his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). It is clear that Plaintiff's claims implicate the fact or duration of her detention

and conviction, and therefore such claims go to the very heart of habeas corpus and are not properly raised in a civil rights complaint.

To the extent that Plaintiff seeks monetary damages from the state court judge, traffic court hearing officer, and prosecutor in her criminal case, her claims are barred. A judge is entitled to absolute judicial immunity for all actions taken in his or her judicial capacity, except when the judge acts in the "clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000), *quoting Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). Absolute judicial immunity, like other forms of immunity, means a judge is immune "from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 12 (1991). There are no allegations suggesting that Plaintiff's claims against Defendants Miller and Mercer fall within any exception to this immunity doctrine.

"In § 1983 actions, prosecutors have absolute immunity for all activities that are " 'intimately associated with the judicial phase of the criminal process.' " *Van de Kamp v. Goldstein*, 555 U.S. 335, 338 (2009) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *accord Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999). "A prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate." *Jones*, 174 F.3d at 1281. Again, there are no factual

allegations suggesting that Plaintiff's claim against Defendant Hess fall within any exception to the immunity doctrine.

Accordingly, it is respectfully **RECOMMENDED** that:

Plaintiff's claims against Defendants Miller, Mercer, and Hess should be **DISMISSED**.

**IN CHAMBERS** this 10th day of September 201.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**
tes Magistrate Judge